IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**FELIX BRIGGS,**

                **Plaintiff,**

      **v.**                                **CASE NO. 07-3171-SAC**

**RANDALL HENDERSON, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a complaint under 42 U.S.C. § 1983, filed pro se by a prisoner confined in the Wyandotte County Adult Detention Center in Kansas City, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having considered the plaintiff's limited financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by

28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages[1] on claims that two jail staff members wrongfully interfered with his access to the courts by refusing to certify or copy financial records plaintiff requested in October 2006 for his filing a motion for leave to proceed under 28 U.S.C. § 1915 in an earlier filed habeas action,[2] and that staff would not let him copy state sentencing guideline materials in May 2007.  Plaintiff further claims the legal books he requested to prepare a response to the show cause order entered in the earlier habeas action were never provided.  On these allegations plaintiff seeks damages and the termination of each staff member's employment.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Accordingly, to the extent plaintiff alleges defendants failed to comply with state or local jail policies and procedures, no claim for relief is stated under § 1983.

---

[1] Plaintiff also seeks employment sanctions against the named defendants, but the court cannot require the county to fire or suspend the officers.

[2] See Briggs v. State of Kansas, Case No. 06-3295-SAC.

The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to adequate, effective, and meaningful access to the courts. Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993). This right of meaningful access also extends to inmates in county jails. Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985), cert. denied, 479 U.S. 814 (1986). "To present a viable claim for denial of access to courts ... an inmate must allege and prove prejudice arising from the defendants' actions." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). This prerequisite for a constitutional claim "is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. 343, 351 and 355 (1996). An injury only occurs when prisoners are prevented from attacking their sentences or challenging the conditions of their confinement. Id. at 356. "[I]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

Plaintiff's allegations in the present case fall far short of this constitutional standard. No prejudice is demonstrated by the defendants's alleged failure to provide requested legal books where plaintiff only generally states the requested books were needed to file a response to the court's finding that plaintiff's petition for pre-conviction relief was barred by the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971.

Likewise, no prejudice is demonstrated by the court's dismissal of plaintiff's earlier habeas case *without prejudice*. Plaintiff was able to file a motion in that case to detail the problems he encountered in filing a certified accounting of his prisoner account, and by a separate order entered this date in that case, the

3

court reopened the action and granted plaintiff leave to proceed in forma pauperis in seeking habeas relief.

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 3rd day of July 2007 at Topeka, Kansas.

                                               s/ Sam A. Crow
                                               SAM A. CROW
                                               U.S. Senior District Judge