IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FELIX BRIGGS,**

        **Plaintiff,**

   v.             CASE NO. 07-3171-SAC

**RANDALL HENDERSON, et al.,**

        **Defendants.**

**O R D E R**

Plaintiff, a prisoner confined in the Wyandotte County Adult Detention Center in Kansas City, Kansas, proceeds pro se and in forma pauperis on a complaint under 42 U.S.C. § 1983, seeking relief on allegations that defendants unlawfully interfered with his right of access to the courts.

By an order dated July 3, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is frivolous, malicious or fails to state a claim, or that seeks damages from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

In response, plaintiff filed a motion to amend the complaint to include a request for certification as a class action, and to name additional prisoners as plaintiffs who each signed the motion but submitted no motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]  The court denies these requests.

It is generally recognized that a pro se plaintiff may not serve as class representative "because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)(internal quotation marks omitted).  *See also* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(pro se prisoners are not adequate representatives for a class).  Plaintiff may appear on his own behalf, 28 U.S.C. § 1654, but may not represent another pro se plaintiff in federal court.  The additional party plaintiffs named in plaintiff's motion to amend are entitled to litigate their own claims, and to either pay the $350.00 district court filing fee or seek leave to proceed under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

Plaintiff has not addressed the court's directive to show cause why the complaint should not be dismissed as stating no claim for relief.  The court grants plaintiff a limited time to do so to avoid dismissal of the complaint for the reasons stated in the order dated July 3, 2007.

---

[1] Plaintiff also modifies the amount of damages being sought. The court liberally construes this portion of plaintiff's pro se pleading as supplementing the prayer for damages in plaintiff's complaint.

2

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 4) to amend the complaint to name additional plaintiffs, and for certification as a class action lawsuit, is denied.

IT IS FURTHER ORDERED that plaintiff is granted to and including August 6, 2007, to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 25th day of July 2007 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge