IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FELIX BRIGGS,

                         Plaintiff,

         v.                                CASE NO. 07-3171-SAC

RANDALL HENDERSON, et al.,

                         Defendants.


O R D E R

     Plaintiff, a prisoner confined in the Wyandotte County Adult
Detention Center in Kansas City, Kansas, proceeds pro se and in
forma pauperis on a complaint under 42 U.S.C. § 1983, seeking relief
on allegations that defendants unlawfully interfered with his right
of access to the courts.

     Pursuant to 28 U.S.C. § 1915A, the court directed plaintiff to
show cause why the complaint should not be dismissed as stating no
claim for relief.[1]  In response, plaintiff argues the complaint
should not be dismissed because the legal resources available at the
jail are clearly insufficient to provide adequate, effective, and
meaningful access to the courts.

     A prisoner has a fundamental right of access to the courts.
Bounds v. Smith, 430, U.S. 817, 828 (1977).  The Supreme Court,

_____

     [1]The court denied plaintiff's later filed motion to amend the
complaint to add additional plaintiffs and to proceed as a class
action lawsuit.

however, now requires an inmate alleging inadequate legal resources to "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [nonfrivolous] legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). "Bounds did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. *See also* Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Because plaintiff makes no showing that he suffered an injury caused by the alleged shortcomings in the jail's library, the court concludes the complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of August 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge


2