IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FELIX BRIGGS,**

                      **Plaintiff,**

      v.                                          CASE NO. 07-3171-SAC

**RANDALL HENDERSON, et al.,**

                      **Defendants.**

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint under 42 U.S.C. § 1983 filed while plaintiff was a prisoner in the Wyandotte County Adult Detention Center in Kansas City, Kansas. The court dismissed the complaint as stating no claim for relief, finding plaintiff identified no prejudice resulting from the alleged interference in his right of access to the courts. Before the court is plaintiff's motion for reconsideration, which the court construes as a timely filed motion under Fed.R.Civ.P. 59(e) to alter and amend judgment. *See* <u>Berrey v. Asarco Inc.</u>, 439 F.3d 636, 641 n. 3 (10th Cir. 2006)("motion for reconsideration" filed within ten days of judgment is treated as Rule 59(e) motion).

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended

the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

In his motion for reconsideration, plaintiff reiterates that no showing of prejudice is required for a prisoner to state a claim of being denied his constitutional right of access to the courts. Plaintiff, however, continues to cite cases decided before the Supreme Court required an inmate alleging inadequate legal resources to "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [nonfrivolous] legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff also contends the court's dismissal of plaintiff's previous habeas action without prejudice, *see* Briggs v. State of Kansas, Case No. 06-3295-SAC, established an injury for the purpose of stating a cognizable constitutional claim. The court disagrees.

The court dismissed plaintiff's earlier complaint without prejudice based on plaintiff's apparent failure to pay the district court filing fee or submit a motion for leave to proceed in forma pauperis in that action. The court subsequently granted plaintiff's motion to reopen that action, finding plaintiff had in fact submitted a timely motion for leave to proceed without prepayment of the district court filing fee. The court then again dismissed the action without prejudice, this time based upon plaintiff's pending

state court action and failure to exhaust state court remedies. Under these circumstances, plaintiff's claim of prejudice in the dismissal of his earlier lawsuit fails.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 9), considered by the court as a motion to alter and amend under Fed.R.Civ.P. 59(e), is denied.

**IT IS SO ORDERED.**

DATED:  This 17th day of August 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge